No. 05-322

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 221N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

GEORGE NOEL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                  In and For the County of Lincoln, Cause No. DC 98-94
                  Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Kevin E. Vainio, Attorney at Law, Butte, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Ilka Becker,
        Assistant Attorney General, Helena, Montana

        Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  August 8, 2006

Decided:  September 6, 2006

Filed:

_____
                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 George Noel (Noel) appeals from the order entered by the Nineteenth Judicial District Court, Lincoln County, denying his "Motion For Nunc Pro Tunc Order." We affirm.

¶3 In March of 2000, Noel pled guilty pursuant to a plea agreement to the felony offense of sexual assault. The District Court sentenced Noel in September of 2002. As part of the sentence, the District Court designated Noel as a level 3 sex offender based on recommendations contained in both the presentence investigation report and Noel's sex offender evaluation. In March of 2005, Noel moved the District Court for an order nunc pro tunc, requesting the court to change his sex offender designation from a level 3 to a level 1 or 2. Noel asserted, in part, that his level 3 designation was erroneous because the court did not find that he was a sexually violent predator as required by § 46-23-509, MCA. The District Court denied the motion pursuant to § 46-18-116, MCA, concluding that it had no jurisdiction to enter such an order because the original sentence was not factually erroneous. Noel appeals.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶5 Section 46-18-116(3), MCA, provides that a "court may correct a factually erroneous sentence or judgment at any time. Illegal sentences must be addressed in the manner provided by law for appeal and postconviction relief." An amendment under the "factually erroneous" portion of this statute "may only be made to correct an error that is apparent on the face of the record so as to insure that the correction does not in effect set aside a judgment actually rendered nor change what was originally intended." *State v. Megard*, 2006 MT 84, ¶ 19, 332 Mont. 27, ¶ 19, 134 P.3d 90, ¶ 19. It is clear from the record that the District Court's original intent in sentencing Noel was to designate him as a level 3 sex offender and, therefore, that designation was not factually erroneous. We conclude that the District Court did not err in denying Noel's motion for an order nunc pro tunc.

¶6 Noel also asserts that the District Court erred in denying his request for transcripts, which he apparently requested following the court's denial of his motion for a nunc pro tunc order. However, neither Noel's request for transcripts nor the District Court's denial of that request are contained in the District Court record. It is an appellant's obligation to provide this Court with a complete and accurate record on appeal. *State v. Arlington*, 265 Mont. 127, 145, 875 P.2d 307, 318 (1994); M. R. App. P. 9(a). In the absence of a sufficient record on

3

appeal, we have no choice but to affirm the District Court in this regard. *Arlington*, 265 Mont. at 146, 875 P.2d at 318.

¶7     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON